390 A.2d 1357
**COMMONWEALTH of Pennsylvania**

v.

**David Leland ROHDE, Appellant.**

Superior Court of Pennsylvania.

Submitted March 13, 1978.

Decided July 12, 1978.

518

Neil E. Jokelson, Philadelphia, for appellant.

Oscar F. Spicer, District Attorney, Gettysburg, for Com., appellee.

Before JACOBS, President Judge, and HOFFMAN, CER-CONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

## OPINION

PER CURIAM:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Adams County after the defend-

ant-appellant, David Leland Rohde, entered a plea of nolo contendere to a charge of unlawful possession of dangerous drugs. No appeal was taken from the sentence. He was sentenced to pay $300 fine, the costs of prosecution and given a 90-day suspended sentence. The 90-day suspension expired on March 15, 1972.

On September 6, 1974 the defendant presented a petition under the Post Conviction Hearing Act alleging that he was not informed of his right for a direct appeal from his sentence and that his plea was not knowingly and intelligently made in full recognition of his constitutional rights.

The Commonwealth filed a Motion to Dismiss his petition on the ground that the defendant was not eligible for P.C.H.A. relief because the sentence imposed was fully expired and for the further reason that the record on its facts rebuts the defendant's allegations. The court below took the Commonwealth's motion under advisement and held an evidentiary hearing. The defendant in his petition stated that his "conviction" subjects him to a continuing disability because it interferes with his ability to pursue his profession and otherwise restricts him from leading a useful life and obtaining appropriate employment. After the hearing, the court below filed an opinion dismissing his petition for relief on the ground that Section 3 of the Post Conviction Hearing Act of January 25, 1966, P.L. (1965), 1580, 19 P.S. 1180–3 provides that to be eligible for such relief the petitioner must prove: (a) that he has been convicted of a crime; (b) that he is incarcerated under a sentence of death or imprisonment; (c) that his conviction or sentence resulted from one or more of the reasons enumerated in the subsection; and (d) that the error resulting in his conviction has not been finally waived or litigated.

The record in this case demonstrates that the defendant is not incarcerated nor is he on parole or probation under the imposed sentence. The fine has been paid and the 90-day suspension has expired prior to this petition. The court below dismissed the petition holding:

"In summary, the defendant cannot obtain relief by a PCHA proceeding because he is not incarcerated or on

probation or parole. Even if this Court had been requested to regard his petition as a petition for a writ of coram nobis, the defendant would still not be entitled to relief because he has not alleged that his plea and sentence has directly affected any subsequent criminal prosecution or conviction.

"Moreover, we are well satisfied that at the time the defendant entered his plea, he did so voluntarily in full recognition of his constitutional rights and while represented by competent retained counsel."

The petitioner filed an appeal from the order of dismissal to this Court which was remanded in a per curiam opinion (three Judges dissenting) for a hearing under P.C.H.A. citing *Commonwealth v. Doria,* 468 Pa. 534, 364 A.2d 322 (1976).

In that case the Supreme Court reversed the earlier opinion of this Court upon which the court below relied. As the court below said in examining that opinion:

"Justice Manderino, writing for a majority of the Supreme Court, said that the issue presented to that Court was whether one who is not in danger of suffering any collateral criminal *sanctions* as result of a conviction but who may suffer some *civil* consequences can challenge the propriety of that conviction in a PCHA proceeding. A Majority of the Court held (at page 541) that, . . . 'those who can show that they have suffered collateral consequences as the result of a wrongful criminal conviction . . .' have the right to challenge that conviction whether the consequences be civil or criminal.

"Notwithstanding the fact that we had already afforded the defendant one evidentiary hearing, we followed the mandate of the Superior Court and held a second hearing. This time the defendant testified that he graduated from college in 1975 and that as a result of the injuries allegedly sustained in an accident (from which the criminal charges originated), he had one term of grades in college that were "just terrible" and another term when the grades were "not so good" (N.T. 6–10–77, page 10). Then, presumably, with full knowledge of the reported decision

by the Pennsylvania Supreme Court in *Commonwealth v. Doria,* supra, the defendant attempted to show *through his own testimony* that he had been denied admission to law schools because of his plea and sentence in our court. The Commonwealth objected to this form of evidence and we sustained the objection because such testimony was clearly based upon information the defendant received from others who were not in court and could not be cross-examined by the Commonwealth. The defendant testified he had also been denied admission to four other law schools but cited no reasons why he had been rejected. Finally, the defendant testified that he had been admitted to Delaware Law School, a non-accredited law school. It was the defendant's contention that this history had affected his professional career because he had already lost two years by not being admitted to a law school earlier and his attendance at and graduation from a non-accredited law school had certain drawbacks.

"We noted previously that the Supreme Court held specifically in its decision in the Doria case that notwithstanding the specific language of Section 3(b) of the Post Conviction Hearing Act, supra, a petitioner could not be barred from PCHA relief if he could 'show' collateral consequences *as the result* of a wrongful criminal conviction. We assume when the Court used the word 'show' it meant *prove.* If that assumption on our part is correct, we have no trouble concluding that the petitioner in the case before us has not *proved* (in spite of two hearings giving him the opportunity to do so) that he has suffered any collateral consequences *as a result* of his allegedly infirm plea. Our ruling excluding the testimony he offered in this respect is that he had had at least two terms while in college (even though for good reasons) when his grades were either 'terrible' or 'not that good'. In the absence of competent, admissible testimony, we certainly are in no position to find that the petitioner has met his burden of proof."

The remand by this Court for a hearing was limited to the question raised in *Commonwealth v. Doria,* supra, in that

Doria held that "those who can show that they have suffered collateral consequences as a result of a wrongful criminal conviction . . . have the right to challenge the conviction whether the consequences be civil or criminal."

Although the court below found that the plea of nolo contendere was intelligently and voluntarily entered and pointed out that the record does not disclose that the defendant was advised of his right to appeal at sentencing, these questions were waived by the failure of the defendant to seek P.C.H.A. relief within the period of his 90-day suspended sentence as required by the P.C.H.A., supra.

The only reason for the remand at all was because of the reliance of the court below on *Commonwealth v. Doria,* supra, as decided by the Superior Court so that the reversal of that case by the Supreme Court in *Commonwealth . v. Doria,* supra, mandated the determination of whether collateral circumstances either civil or criminal existed. We agree with the determination of the court below.

Order affirmed.

JACOBS, President Judge, and CERCONE and SPAETH, JJ., concur in the result.